Argued and submitted July 29, judgment modified and case remanded
September 9, 1987

In the Matter of the Marriage of

**YOKUM,**
*Respondent,*

*and*

**YOKUM,**
nka Davis,
*Appellant.*

(D-84-1294; CA A42491)

742 P2d 655

Daniel W. Seitz, Roseburg, argued the cause for appellant. With him on the brief was Cegavske & Seitz, P.C., Roseburg.

Donald S. Kelley, Roseburg, argued the cause for respondent. With him on the brief was Luoma, Kelley, Wolke, Mays & Pollaczek, Roseburg.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Father obtained an order from the trial court requiring mother to show cause why the court should not find that the parties' child is not a "child attending school," and therefore, that father's duty to pay child support had terminated. The court found that father was not responsible for the child's support from May 25, 1986, until June 23, 1986, but that he is responsible for support after June 23, 1986, when the child returned to school. Mother moved for attorney fees, citing ORS 107.135(4). The court denied her motion on the ground that, because father's motion was based on ORS 108.110, it lacked authority to award attorney fees. Mother appeals. We reverse.

The parties' dissolution decree provides that father will pay child support for their child until he reaches 18, or beyond that age if he "is deemed to be a student within the meaning of ORS 108.110(2)."[1] In early 1985, the child was involved in an accident that stopped him from finishing school that year. In the fall, he returned to school; however, because of continuing medical problems and missing too much school, he withdrew. In the spring of 1986, he attempted to return but was not readmitted. In the summer, he completed some community college courses and planned to reenter high school in the fall with the goal of earning a diploma in June, 1987. He had started the courses when his father initiated this proceeding. At the time of the hearing in October, 1986, he was enrolled in high school and expected to graduate in 1987. Father was informed of the child's plans to go back to school in the spring of 1986, and the child informed him by July, 1986, that he had actually entered school. Father knew that the child was in school about four months before the hearing and, at that time, agreed that he should receive support.

The trial court determined that, on May 25, 1986, the child's eighteenth birthday, he was not a "child attending school," but that he became a "child attending school" and, thus, was entitled to support from his father, as of June 23, 1986, when he returned to school. Mother moved for an award

---

[1] The record does not indicate why the parties' 1984 dissolution decree and property settlement agreement referred to ORS 108.110(2) rather than to ORS 107.108.

of attorney fees. ORS 107.135(4). The trial court denied her motion, stating in relevant part:

"It is the opinion of the Court that the Court's authority to act in this case is derived from ORS 107.405,[2] not ORS 107.135. The relief requested by Mr. Yokum would not in any fashion 'set aside, alter or modify' any portion of the original decree. ORS 107.135(1)(d). Here, the Court is asked to exercise its general equitable powers to define a particular provision in the decree—the decree is unaffected and the moving party need not show a change in circumstances. Therefore, for these reasons, the Court does not have the statutory authority to assess attorney fees herein."

The trial court's order provides, in relevant part:

"The court does not have statutory authority to assess attorney's fees and no attorney's fees shall be awarded to the Co-Petitioner, MALLIE A. DAVIS."

Mother contends that the trial court erred in concluding that it lacked authority to consider her motion for attorney fees. She argues that father's motion is under ORS 107.135(1)(d) and that attorney fees are awardable under ORS 107.135(4). Father argues that this is not a motion under ORS 107.135(1) to modify the decree, but a motion under ORS 108.110 to adjudicate whether or not the child was attending school.[3] He points to the fact that the child was not served, as required by ORS 107.135(1)(d).[4] We agree with mother.

ORS 107.108 provides

"(1)   In addition to any other authority of the court, the court may provide for the support or maintenance of a child attending school:

"* * * * *

"(b)   In a decree of * * * dissolution of a marriage * * * and

---

[2] ORS 107.405 provides:

"When a court is sitting in proceedings for annulment or dissolution of a marriage, or for separation, it shall have full equity powers."

[3] ORS 108.110 has no application to these facts. It provides that "Any married person * * * may apply to the circuit court * * * for an order upon the spouse to provide * * * for the support of * * * minor children and children attending school * * *." The statute is intended to provide a remedy to a married person who is seeking child support from the spouse.

[4] Father's failure to serve the child as required by ORS 107.135(1)(d) does not provide the basis for denying mother's claim for attorney fees.

"'* * * * *

"(3)  If the court provides for the support and maintenance of a child attending school pursuant to this section, the child is a party for purposes of matters related to that provision.

"(4)  As used in this section, 'child attending school' means a child of the parties who is unmarried, is 18 years of age or older and under 21 years of age and is a student regularly attending school, community college, college or university, or regularly attending a course of vocational or technical training designed to fit the child for gainful employment. A child enrolled in an educational course load of less than one-half that determined by the educational facility to constitute "full-time" enrollment is not a 'child attending school.' "

ORS 107.135 provides, in relevant part:

"(1)  The court has the power at any time after a decree of * * * dissolution of marriage * * * is granted, upon the motion of either party * * * to:

"'* * * * *

"(c)  Terminate a duty of support toward any minor child who has become self-supporting, emancipated or married; and

"(d)  Notwithstanding subsection (2) of section 84, chapter 827, Oregon Laws 1973, and after service of notice on the child in the manner provided by law for service of a summons, suspend future support for any child who has ceased to be a child attending school as defined in ORS 107.108.

"'* * * * *

"(4)  In a proceeding under subsection (1) of this section, the court may assess against either party a reasonable attorney fee for the benefit of the other party."

Father's motion seeks to terminate his duty of support pursuant to ORS 107.135(1)(d). Therefore, the attorney fees provision of ORS 107.135(4) is applicable.[5] The trial court erred in concluding otherwise.[6]

---

[5] *Ellis v. Ellis,* 292 Or 502, 640 P2d 1024 (1982), does not control this case. *Ellis* was decided at the trial level in 1981. The relevant statutes were later amended. *See* Or Laws 1981, ch 755, § 2a; ch 855, § 1. By those amendments, the legislature codified the procedure for terminating and suspending child support obligations. By adding subsections (c) and (d) to ORS 107.135(1), the legislature made such proceedings subject to ORS 107.135(4).

[6] We express no opinion on the merits of mother's motion.

Judgment modified to delete paragraph three; remanded for consideration of mother's motion for attorney fees.